(No. 76-CC-2724—

STATE EMLOYEES' RETIREMENT SYSTEM OF ILLINOIS, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1978.*

PER CURIAM.

This is a claim by the State Employees' Retirement System of Illinois for the recovery of funds escheated into the Warrant Escheat Fund as a result of warrants being issued to deceased recipients during periods of time when the retirement system was unaware of the demise of the recipients involved and to recipients who had returned to work. The warrants were retained by

the families of the deceased recipients without notice being given to the retirement system. Upon noticing that the warrants were going uncashed the retirement system investigated and found that the recipients were either deceased or had returned to work. The trust fund out of which the payments were made and into which replacement is sought is Trust Fund #479. Trust Fund #479 is held in trust by the treasurer of the State of Illinois and administered by the officers and employees of the State Employees' Retirement System of Illinois for and on behalf of the State of Illinois employee members and recipients.

An agency of this State may not normally prosecute a claim in this Court for appropriated funds. However, this trust fund is comprised of unappropriated funds which come to the fund through withholdings from employees' paychecks and contributions by the State. Although the money is initially appropriated for payrolls and agency contributions, once it is paid over to employees by being vouchers to the fund on behalf of the employees it vests in the employees as members of the retirement system and is no longer appropriated money. The fund at that point cannot lapse nor can it be expended for day to day operation expenses. It must be held for the benefit of the system members.

The right to participate in the retirement system and the right to expect the contributed proceeds to be correctly distributed is a contractual right incidental to the employees' contract of employment. The officers and employees of the State Employees' Retirement System of Illinois as administrators of the fund have, however unintentionally, breached their contractual duty to pay out these proceeds only to bonifide recipients.

It is encumbent upon the officers of the State Employees' Retirement System to prosecute this claim on behalf of the thousands of employees and recipients for the preservation of the integrity of the fund and this Court so construes this complaint.

Section 22(a) of the "Court of Claims Act" provides that all claims founded in contract shall be brought within five years of its accrual.

Illinois Rev. Stat., Ch. 15, Para. 210.6 provides that limitations prescribed by Section 22 of the "Court of Claims Act" "shall begin to run one year from the date of issuance of the unpaid warrant." It, therefore, follows that only those amounts represented by warrants issued more than six years prior to the filing of this action are barred. The only warrants, therefore, barred are #EA197939 for $80.88 issued September, 1970, and #EA206286 for $80.88 issued October, 1970, both payable to Lillian E. Wentworth.

The Attorney General expresses no opposition to the awarding of this claim except for the amount represented by the two previously noted warrants which are barred by the cited statutes of limitations.

The funds having escheated, as per Ill. Rev. Stat., Ch. 15, Paras. 10.07 and 10.14, the proceeds have now been placed into the Warrant Escheat Fund from which they, except those amounts barred as noted earlier, must now be returned to Trust Fund #479.

It is, therefore, ordered that the Illinois Retirement System be granted an award in the amount of $24,336.43 in payment of the above claims to be paid from the warrant Escheat Fund for the deposit into the State Employees' Retirement System of Illinois Trust Fund #479.